1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY LOVELL, II,<br><br>Plaintiff,<br><br>v.<br><br>SANCHEZ, et al.,<br><br>Defendants. | No.  2:23-cv-0480 DB P<br><br><br><br>ORDER |

Plaintiff, a county jail inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the claim arose in Alameda County, which is in the Northern District of California.  Therefore, plaintiff's claim should have been filed in the United States District Court for the Northern District of California.  In the interest of justice, a federal court may transfer a

1

1  complaint filed in the wrong district to the correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v.</u>
2  <u>McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).
3       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
4  States District Court for the Northern District of California.
5  Dated: March 27, 2024

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

23  DLB:9
DB prisoner inbox/civil rights/R/love0480.21

2